IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN M. DONAHUE, | Civil No. 1:17-cv-1084 |
| Plaintiff, | |
| v. | |
| DAUPHIN COUNTY, et al., | Judge Sylvia H. Rambo |
| Defendant. | Magistrate Judge Saporito |

# **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge (Doc. 6) in which he recommends that Plaintiff Sean Donahue's complaint filed pursuant to 42 U.S.C. § 1983 be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Donahue has filed objections to the report and recommendation. (Doc. 7.) For the reasons that follow, the report and recommendation will be adopted.

## **I. Discussion**

Donahue's complaint arises out of testimony and evidence presented in the Dauphin County Court of Common Pleas which eventually led to his conviction and sentence in two counts of harassment.

In the report and recommendation, the magistrate judge opined that the § 1983 claims asserted by Donahue are not cognizable under the favorable

termination rule articulated by the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the court explained as follows:

> [T]he hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relation to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (citations omitted).

Donahue has failed to demonstrate that his conviction or sentence has previously been invalidated. In his objections to the report and recommendation, Donahue does not address the reasoning of the magistrate judge but merely reiterates some of the claims in his complaint.

2

Accordingly, the report and recommendation will be adopted.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: August 7, 2017